UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HULSEY CONTRACTING INC.,<br><br>Defendant. | Case No. 20-cv-02863-JCS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 16, 24 |

## I.  INTRODUCTION AND BACKGROUND

Plaintiffs[1] move for leave to file a first amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure in order to add a second defendant, Roberto Hulsey, an individual who purportedly signed an agreement assuming individual liability for amounts owed by the existing defendant, Hulsey Contracting Inc., under the terms of an applicable collective bargaining agreement. *See generally* Mot. (dkt. 16).  The Court finds the matter suitable for resolution without oral argument under Civil Local Rule 7-1(b) and VACATES the hearing noticed for October 9, 2020.[2]

In an opposition brief filed one week after the deadline to do so, Hulsey Contracting argues that amendment should be denied as futile because the agreement signed by Mr. Hulsey was signed "only in a capacity for an employer," Opp'n (dkt. 22) at 6, because it does not recite any consideration, *id.*, because "hold[ing] an individual personally liable for such asserted massive business debt is contrary to public policy," *id.*, and because of fraud in the execution of the

---

[1] Plaintiffs are District Council 16 Northern California Health and Welfare Trust Fund and related union trust funds and trustees.
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

underlying collective bargaining agreement, *id.* at 6–8. Hulsey Contracting also argues that a discrepancy involving the signature pages to certain contracts at issue evinces bad faith by Plaintiffs. *Id.* at 8–9. Mr. Hulsey asserts in a declaration that he was not presented with the contracts themselves, but instead only with blank signature pages, and believed that his signature indicated assent to different terms than contained in the contracts now submitted by Plaintiffs. Hulsey Decl. (dkt. 22-1) ¶¶ 9–12.

## II.   ANALYSIS

In general, when a party seeks to amend a pleading more than twenty-one days after serving it, or more than twenty-one days after service of a responsive pleading or motion, the party must obtain either the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure provide that "courts should freely give leave when justice so requires." *Id.* "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original). Of those factors, "prejudice to the opposing party carries the most weight." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). "Requests for leave to amend should be granted with 'extreme liberality.'" *Id.*

Here, Hulsey Contracting filed its answer on Sunday, July 19, 2020; the deadline to amend by right therefore expired on Monday, August 10, 2020. Plaintiffs filed their motion for leave to amend three weeks after that, on August 31, 2020, after becoming aware of the purported agreement providing for individual liability by Mr. Hulsey. The parties have not yet appeared for an initial case management conference, the record does not indicate that any other meaningful development in the case happened during that three-week period, and Hulsey Contracting does not argue that it was prejudiced by the short delay.

Instead, Hulsey Contracting's arguments against amendment go to the merits of Plaintiffs' proposed claims against Mr. Hulsey—and, in part, to the merits of the existing claims against

Hulsey Contracting. To the extent such issues can be resolved on the pleadings, they are better addressed on a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c). To the extent they rely on evidence beyond the pleadings, such as Mr. Hulsey's declaration regarding the circumstances of his signatures, they would be more appropriate for summary judgment or trial. While Hulsey Contracting is correct that "futile amendments should not be permitted," *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983), Hulsey Contracting cites no case applying that standard to conduct a summary-judgment-type inquiry before a claim is even filed, much less at such an early stage of the case and with no showing that *the timing of the amendment*, specifically, caused any prejudice to a defendant. The motion for leave to amend is therefore GRANTED, without prejudice to any argument that Defendants might raise in a later motion attacking the sufficiency of Plaintiffs' allegations or the merits of their claims.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion for leave to amend is GRANTED, without prejudice to any motion that Defendants might raise in a motion under Rule 12 or at some other stage of the case. Plaintiffs shall file their first amended complaint no later than October 2, 2020, and Defendants shall respond by answer or motion no later than October 23, 2020. The initial case management conference previously set for October 23, 2020 is CONTINUED to November 6, 2020 at 2:00 PM, and the parties shall file a joint case management statement no later than October 30, 2020.

Plaintiffs filed a motion to strike Hulsey Contracting's opposition brief as untimely. Dkt. 24. That motion is DENIED as moot. Going forward, the parties are encouraged to meet and confer regarding such procedural disputes before seeking intervention by the Court.

**IT IS SO ORDERED.**

Dated: September 23, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

3